**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4324**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JOSHUA GANT, JR.,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  James A. Beaty, Jr.,
Senior District Judge.  (1:14-cr-00437-JAB-1)

_____

Submitted:  November 24, 2015          Decided:  January 5, 2016

_____

Before NIEMEYER and MOTZ, Circuit Judges, and DAVIS, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Stephen F. Wallace, WALLACE LAW FIRM, High Point, North
Carolina, for Appellant.  Randall Stuart Galyon, OFFICE OF THE
UNITED STATES ATTORNEY, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Gant, Jr., pled guilty pursuant to a written plea agreement to one count of distribution of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). The district court imposed a within-Guidelines sentence of 24 months. In accordance with Anders v. California, 386 U.S. 738 (1967), Gant's counsel has filed a brief certifying that there are no meritorious issues for appeal, but suggesting that the court review the reasonableness of Gant's sentence. Gant has filed a pro se supplemental brief arguing that (1) the district court lacked jurisdiction over his offense because it occurred entirely within North Carolina; (2) his sentence is substantively unreasonable; and (3) his sentence is contrary to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc).

Turning first to the validity of Gant's guilty plea, to assure that a defendant's plea is knowing and voluntary, Fed. R. Crim. P. 11 requires a district court to "inform the defendant of, and determine that he understands, the nature of the charge(s) to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty and various rights." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Where, as here, a defendant did not move to withdraw his guilty

2

plea, we review the plea hearing for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). A defendant can only satisfy the plain error standard if he shows that, but for an error by the district court during the Rule 11 proceeding, there is a reasonable probability that he would not have entered his plea. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009). Our review of the record reveals that the district court substantially complied with Rule 11 by ensuring that Gant was competent to plead guilty and that he knowingly and voluntarily entered his guilty plea after consultation with counsel. We further conclude that Gant's argument that the district court lacked jurisdiction to take his guilty plea is without merit as Congress, pursuant to its Commerce Clause power, may regulate the intrastate possession of a controlled substance where there is an interstate market for the controlled substance. Gonzales v. Raich, 545 U.S. 1, 17-22 (2005).

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). We first review for significant procedural error, and if the sentence is free from such error, we then consider substantive reasonableness. Id. at 51. Procedural error includes improperly calculating the Sentencing Guidelines range, treating the Guidelines as mandatory, failing to consider the 18

3

U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. Id. Substantive reasonableness is determined by considering the totality of the circumstances, and if the sentence imposed falls within or below the properly-calculated Guidelines range, we apply a presumption of reasonableness. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). Our review of the record reveals neither a procedural error nor anything overcoming the applicable presumption of reasonableness that accompanies the district court's imposition of a within-Guidelines sentence.*

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Gant, in writing, of the right to petition the Supreme Court of the United States for further review. If Gant requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gant.

---

* Where Gant was neither subject to a mandatory minimum penalty nor a sentencing enhancement, no rule of law established in United States v. Simmons, 649 F.3d 237, is applicable to his sentence.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED